IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| AGILENT TECHNOLOGIES, INC., | § | 1:14-cv-737 |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Agilent Technologies, Inc. ("Agilent") removes this case from the 261st Judicial District Court of Travis County, Texas to this Court pursuant to the requirements of 28 U.S.C. § 1441 et seq. The grounds for removal are as follows:

### I.
#### BACKGROUND

1. In this employment discrimination lawsuit, Daniel Thompson alleges that he was subjected to discrimination on the basis of his age in violation of the Texas Labor Code.

2. Thompson was employed by Agilent at all relevant times.

3. Thompson filed suit against Agilent in the 261st Judicial District Court of Travis County, Texas on June 26, 2013 (the "State Court Action"). *See* Exhibit A (Plaintiff's Petition). The cause number assigned to the State Court Action is D-1-GN-14-002072. *See id*.

4. Agilent received a copy of the petition in the State Court Action on July 8, 2013, when it was served on Agilent's registered agent. *See* Exhibit B (Return of Service).

5. True and complete copies of all process, pleadings, and other documents filed in the State Court Action are attached hereto in accord with 28 U.S.C. § 1446(a). *See* Exhibit C.

6. A copy of this Notice of Removal will be filed with the Travis County District Clerk and served on Thompson in accord with 28 U.S.C. § 1446(d).

## II.
### REMOVAL IS PROPER

7. A defendant may remove any civil action brought in a state court if the United States District Court for the District and Division embracing the place where the state court is located has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) and therefore removal is proper.

8. A federal district court has original jurisdiction under 28 U.S.C. § 1332(a) over all civil actions where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Both of these requirements are satisfied in this case.

**(i) Complete Diversity of Citizenship Established**

9. Thompson is a resident of the State of Texas. *See* Ex. A, p. 1.

10. Agilent is a resident of the state of Delaware and the state of California as it was formed in Delaware and maintains its principal place of business in California. *See* Ex. A, p. 1 and Ex. D (Declaration of Elaine Lemay at ¶ 3. *See* 28 U.S.C. § 1332 (c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign State where it has its principal place of business).

11. Because Thompson is a resident of a different state than Agilent, there is no question that there is complete diversity of citizenship and that the first jurisdictional requirement of 28 U.S.C. § 1332(a) is established.

**(ii)     Amount in Controversy Satisfied**

12.     In the State Court action, Thompson requests relief of over $1,000,000.  *See* Exhibit A, p. 2.  It is therefore apparent from the face of the petition that the amount in controversy is in excess of $75,000.  Accordingly, the second jurisdictional requirement of 28 U.S.C. § 1332(a) is satisfied.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that a plaintiff's allegation of damages in excess of the federal amount-in-controversy requirement satisfies the requirements for removal).

### III.
### VENUE IS PROPER

13.     Venue is proper in this Court because the United States District Court for the Western District of Texas, Austin Division embraces the Travis County District Court where the State Court Action was pending prior to removal.  *See* 28 U.S.C. §§ 124, 1441(a), 1446(a).

### IV.
### REMOVAL IS TIMELY

14.     A notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the state court petition.  28 U.S.C. § 1446(b); *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (finding that the 30-day time period for removal prescribed by 28 U.S.C. § 1446(b) accrues when the defendant is "notified of the action, and brought under a court's authority, by formal process").

15.     Agilent received a copy of the petition in the State Court Action on July 8, 2014.  *See* Exhibit B.  Agilent filed this Notice of Removal on August 7, 2014—within 30 days from the date it received a copy of the petition and was served.  A copy of the Notice to State Court of Removal is attached as Exhibit E.  Accordingly, removal is timely.

## V.
### CONCLUSION

Agilent Technologies, Inc. respectfully removes this matter from the Travis County District Court to this Court for trial and determination of all issues.

Dated: August 7, 2014                                        Respectfully submitted,


                                                             */s/Stefanie R. Moll*
                                                             Stefanie R. Moll
                                                             State Bar No. 24002870
                                                             smoll@morganlewis.com
                                                             MORGAN, LEWIS & BOCKIUS, LLP
                                                             1000 Louisiana Street, Suite 4000
                                                             Houston, TX  77002
                                                             T:  713.890.5000
                                                             F:  713.890.5001

                                                             ATTORNEYS FOR DEFENDANT
                                                             AGILENT TECHNOLOGIES, INC.

OF COUNSEL:

Michael P. Jones
State Bar No. 24072417
michael.jones@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2014, I electronically filed ***Defendant's Notice of Removal*** with the Clerk of the Court using the CM/ECF system. Copies are being served on the party below by certified mail, return receipt requested:

Daniel B. Ross
Jonathan Sandstrom Hill
Ross Law Group
1104 San Antonio Street
Austin, Texas 78701

             */s/ Michael P. Jones*
              Michael P. Jones